IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICARDO RIVERA,              : | |
|     Plaintiff,               : | |
|                              : | CIVIL ACTION |
|           v.                 : | |
|                              : | NO. 11-1978 |
| BALLY'S PARK PLACE, INC.,    : | |
| d/b/a BALLY'S ATLANTIC CITY, : | |
|     Defendant.               | |

**July _12__, 2011**                                                                                    **Anita B. Brody, J.**

## MEMORANDUM

Plaintiff Ricardo Rivera ("Plaintiff" or "Rivera") filed suit in the Court of Common Pleas of Philadelphia County against Defendant Bally's Park Place ("Defendant" or "Bally's"), alleging negligent conduct. Defendant removed the case here, invoking diversity jurisdiction. Two days later, Defendant filed a motion to dismiss the Complaint for lack of personal jurisdiction or, in the alternative, to transfer the case to the United States District Court for the District of New Jersey. For the reasons that follow, I find that this Court lacks personal jurisdiction over Defendant.

**I. Background**

On June 7, 2009, Rivera, a resident of Chester County, Pennsylvania, slipped and fell in a puddle of water in a public restroom on property owned by Bally's, a casino incorporated in New Jersey with its principal place of business in Atlantic City. Compl. ¶¶ 1, 2, 6. Rivera alleges in the Complaint that he sustained serious, potentially permanent personal injuries, including head,

spinal, and torso damage as well as lacerations and contusions, as a result of Defendant's negligence. Compl. ¶¶ 8–9.

## II. Legal Standard

In reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(6), a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). If no evidentiary hearing is held on the motion to dismiss, the plaintiff need only make a prima facie showing of personal jurisdiction. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007). A plaintiff satisfies this prima facie standard by presenting evidence sufficient to defeat a motion for directed verdict—specific facts that, if true, would permit the Court to exercise personal jurisdiction over Defendant. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990); Action Mfg. Co. v. Simon Wrecking Co., 375 F. Supp. 2d 411, 418–19 (E.D. Pa. 2005).

## III. Discussion

In its Motion to Dismiss, Defendant alleges that it lacks sufficient contacts with Pennsylvania and that the exercise of personal jurisdiction over it would therefore be impermissible. Defendant requests that this case either be dismissed for lack of personal jurisdiction or transferred to New Jersey pursuant to 28 U.S.C. § 1406.

In response, Rivera asserts that this Court may permissibly exercise personal jurisdiction over Defendant both because Defendant has sufficient contacts with the state and because Defendant invoked this Court's jurisdiction by filing the Notice of Removal. Pl.'s Answer to Def.'s Mot. Dismiss or Transfer 3–4. Rivera does not give specific details about the business

conducted by Defendant in Pennsylvania that calls for the exercise of personal jurisdiction by this Court but says only that, if he is "given the opportunity, [he] will prove that [Defendant] regularly conducts business in Philadelphia by soliciting for and bringing customers from Philadelphia to its business in Atlantic City, New Jersey." Pl.'s Mem. Opp'n to Def.'s Mot. Dismiss or Transfer 1–2.

I will grant Defendant's Motion because Rivera has not adequately responded to Defendant's Motion to Dismiss—Rivera has failed to submit any evidence supporting this Court's exercise of either general or specific personal jurisdiction in response to Defendant's jurisdictional challenge. In addition, even if Rivera had submitted competent supporting evidence, the contacts he alleges are insufficient to confer personal jurisdiction over Defendant.

### A. Plaintiff Has Not Provided Evidentiary Support in Response to the Motion

When a defendant challenges a court's personal jurisdiction, the plaintiff must then establish its existence. O'Connor, 496 F.3d at 316. The plaintiff may not "rely on the bare pleadings alone in order to withstand a defendant's . . . motion to dismiss" for lack of personal jurisdiction; instead, the plaintiff must present "competent evidence," such as sworn affidavits, to support its jurisdictional allegations. Action Mfg., 375 F. Supp. 2d at 418. The plaintiff must respond to the defendant's motion with "actual proofs"; "affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry." Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66, n.9 (3d Cir. 1984).

In this case, Rivera did not present any such "competent evidence" or "actual proofs" to sustain his allegation that Defendant conducts business in Pennsylvania. Rivera insists that he will prove the existence of personal jurisdiction "[i]f given the opportunity," but his response to

Defendant's Motion was his opportunity. Rivera did not respond with any reasonable particularity to Defendant's assertion that it does not conduct business in Pennsylvania—Rivera insisted only that Defendant "regularly does business in Philadelphia County." Only once did Rivera provide specific information about Defendant's contacts with Pennsylvania—that Bally's solicited new customers and transported them from Pennsylvania to New Jersey—and even then Rivera did not provide any supporting evidence. Pl.'s Mem. Opp'n to Def.'s Mot. Dismiss or Transfer 1–2.[1] Because Rivera has not made the showing necessary to withstand Defendant's jurisdictional challenge, this Court will grant Defendant's Motion.

### B. Rivera's Factual Allegations Are Insufficient to Establish Personal Jurisdiction

As discussed above, I am granting Defendant's Motion to Dismiss because Rivera has failed to respond with any support for his jurisdictional allegations. However, even if Rivera had provided evidentiary support, his factual allegations are insufficient to confer personal jurisdiction over Defendant.

### a. Removal Is Not a Basis For Personal Jurisdiction

While a defendant can waive his objection to personal jurisdiction by failing to raise it in a timely manner, Fed. R. Civ. P. 12(h)(1), removal to federal court does not constitute such a waiver. Arizona v. Manypenny, 451 U.S. 232, 242 n.17 (1981) ("[I]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal . . . ."); Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 157 n.4 (2d Cir. 1996)

---

[1] If Rivera had provided the required evidentiary support for his jurisdictional allegations, this Court would still lack personal jurisdiction over Defendant because the contacts alleged are insufficient to support jurisdiction. See infra Part III.B.

("Removal does not waive any Rule 12(b) defenses."); Harrison v. L.P. Rock Corp., No. 99-5886, 2000 WL 19257, at *1 n.1 (E.D. Pa. Jan. 7, 2000) ("Removal to federal court does not constitute waiver to object to this court's . . . exercise of personal jurisdiction."). Thus Defendant did not waive its objections or implicitly consent to personal jurisdiction by removing here. As a result, Rivera must establish either general or specific personal jurisdiction over Defendant to survive the Motion.

### b. No General Personal Jurisdiction

A court's ability to exercise general personal jurisdiction over a defendant turns on whether the plaintiff can demonstrate that the defendant maintained continuous and systematic contacts with and carried on a "substantial portion" of its business within the forum state. D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 107–08 (3d Cir. 2009). These contacts must be "significantly more than mere minimum contacts"—the plaintiff must show that the defendant's contacts with the state were so "central to the conduct of its business" that jurisdiction may be fairly exercised even over claims not arising from those contacts. Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437–38 (3d Cir. 1987).

The Eastern District of Pennsylvania has previously held that advertisements and solicitations alone are insufficient to support general personal jurisdiction over nonresident corporations, Ferro v. Atl. City Showboat, Inc., No. 07-1016, 2007 WL 4275506, at *3 (E.D. Pa. Dec. 3, 2007), even where those efforts were targeted specifically at Pennsylvania residents, Feldman v. Bally's Park Place, Inc., No. 05-5345, 2006 WL 1582331, at *3 (E.D. Pa. June 5, 2006). See also Gehling v. St. George's Sch. of Med., Ltd., 773 F.2d 539, 542–43 (3d Cir. 1985) (declining to find that defendant that visited, advertised in, and made agreements with entities in

Pennsylvania had sufficient contacts to justify the exercise of general personal jurisdiction). A plaintiff therefore needs to show more than mere promotional contacts to support general personal jurisdiction in this district.

Rivera has alleged only promotional contacts—he has claimed that, if given the chance, he will prove that Defendant "regularly conducts business in [Pennsylvania] by soliciting for and bringing customers from Philadelphia to its business in Atlantic City . . . ." Pl.'s Mem. Opp'n to Def.'s Mot. Dismiss or Transfer 1–2. This is not enough to support general personal jurisdiction—Defendant's alleged advertising and marketing activities in Pennsylvania are simply not extensive and pervasive enough to confer general personal jurisdiction. See, e.g., Ferro, 2007 WL 4275506, at *3. This Court thus may not exercise general personal jurisdiction over Defendant.

### c. No Specific Personal Jurisdiction

The Third Circuit employs a three-part analysis for specific personal jurisdiction. For specific personal jurisdiction to exist, it must be true that: (1) the defendant "purposefully directed [its] activities" at Pennsylvania, (2) the litigation "arise[s] out of or relate[s] to" at least one of the defendant's activities in Pennsylvania, and (3) the exercise of jurisdiction comports with traditional notions of "fair play and substantial justice." O'Connor, 496 F.3d at 317 (citations omitted).

### i. Purposeful Direction

The exercise of specific personal jurisdiction requires that there be some "deliberate targeting" of Pennsylvania by the defendant. Physical presence or entry into the state is not required. D'Jamoos, 566 F.3d at 103. Although materials sent into Pennsylvania by themselves

are generally insufficient to support general personal jurisdiction, they do provide evidence of purposeful availment of the forum. O'Connor, 496 F.3d at 318. Rivera alleges that Defendant advertises to Pennsylvania citizens in the course of conducting its business. Rivera has failed to allege anything with respect to the nature of these activities, so it is unclear whether they were intended as a deliberate and purposeful "reach [by Defendant] into Pennsylvania to target . . . its citizens."[2] Id. If they were deliberate and targeted, Rivera could perhaps satisfy this first element of specific personal jurisdiction.

### ii. Relatedness

Specific personal jurisdiction over the defendant also requires that the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with Pennsylvania. Id. at 317. While the Third Circuit has not adopted a bright-line rule regarding the required degree of relatedness, see id. at 318–20 (describing three tests for relatedness used by other courts),[3] it has given some guidance for evaluating the link between a plaintiff's claims and a defendant's contacts with the forum state. According to the court in O'Connor, a "but-for" causal relationship is necessary but not sufficient. But-for causation "ensur[es] the existence of some minimal link between contacts and claims," making it a "useful starting point" in evaluating relatedness, but a

---

[2] As discussed above, see supra Part III.A, Plaintiff has not provided any evidentiary support for his jurisdictional allegations.

[3] The three tests for relatedness are (from least to most demanding): (1) the "substantial connection" or "discernible relationship" test, which requires that the claim and the contacts be related just enough to make jurisdiction "fair and reasonable"; (2) the "but-for" causation test, which is satisfied when the claim would not have arisen in the absence of the defendant's contacts with the forum; and (3) the "proximate cause" or "substantive relevance" test, which requires that the contacts be "relevant to the merits of the plaintiff's claim." O'Connor, 496 F.3d at 318–21.

stronger connection is required meet the relatedness requirement of specific personal jurisdiction.[4] Id. at 322. Under the law of this Circuit, then, a plaintiff must establish at least a but-for causal relationship between his claims and the defendant's alleged contacts with the forum state to satisfy the relatedness requirement of specific personal jurisdiction. However, while a "closer and more direct causal connection than that provided by the but-for test" is needed, it need not rise to the level of the proximate cause test. Id. at 323. The relatedness requirement is animated by "a tacit quid pro quo"—in return for conducting activities in a forum and benefiting from its laws and protections, non-citizens must submit to the forum's jurisdiction over claims that arise from those activities.[5] Id. The connection between a plaintiff's claims and a defendant's contacts must therefore "be intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable" to the defendant. Id.

With these principles in mind, the Eastern District of Pennsylvania has consistently found that advertising and promotional contacts with Pennsylvania do not give rise to claims of tortious conduct in other states and are therefore not sufficiently related to confer specific personal jurisdiction. See, e.g., Feldman, 2006 WL 1582331, at *5; Blackwell v. Marina Assocs., No. 05-

---

[4] But-for causation as the sole measure of relatedness is overinclusive because it has "no limiting principle; it literally embraces every event that hindsight can logically identify in the causative chain." O'Connor, 496 F.3d at 322–23 (quoting Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 715 (1st Cir. 1996)).

[5] The Eastern District of Pennsylvania has emphasized that relatedness under O'Connor "cannot be assessed simply by determining whether the defendant's activity is a 'but-for' cause of the plaintiff's alleged injury. A court must determine relatedness on a case-by-case basis focusing on 'the notion of a tacit quid pro quo that makes litigation in the forum reasonably foreseeable.'" KDH Elecs. Sys., Inc. v Curtis Tech. Ltd., No. 08-2201, 2010 WL 1047807, at *6 (E.D. Pa. Mar. 19, 2010) (quoting O'Connor, 496 F.3d at 322).

5418, 2006 WL 573793, at *6 (E.D. Pa. Mar. 9, 2006) (citing cases supporting the proposition that the causal link between advertising contacts and tortious injury is too attenuated to support specific personal jurisdiction). In Stinnett v. Atlantic City Showboat, Inc., No. 07-4743, 2008 WL 1924125 (E.D. Pa. Apr. 29, 2008), a factually similar case, the Eastern District of Pennsylvania found that the plaintiff had "made no allegation that she conducted any transaction . . . or that she was encouraged to visit [the] defendant's hotel and casino because of [the defendant's contacts with Pennsylvania]." Id. at *6. As a result, the plaintiff's showing of specific personal jurisdiction lacked the "close and direct relationship" between the contacts and the cause of action required by O'Connor, and the court could not permissibly exercise specific personal jurisdiction over the defendant. Id. The failure to allege the requisite close connection between her claim and the defendant casino's contacts with Pennsylvania resulted in the court's finding that it lacked personal jurisdiction over the defendant and transferring the case. Id. at *7.

In this case, Rivera has alleged only that Defendant advertises and solicits customers in Pennsylvania. Under O'Connor, Rivera had to establish that the connection between those contacts and his negligence claim is stronger than but-for causation, but he failed to even allege this. He has not shown that Defendant's contacts with Pennsylvania were such that the "quid pro quo [would be] proportional" or that "personal jurisdiction [would be] reasonably foreseeable" to Defendant. O'Connor, 496 F.3d at 323. Rivera simply has not demonstrated a strong enough connection between Defendant's contacts with Pennsylvania and his negligence claims to support specific personal jurisdiction.

### iii. Fairness

If the plaintiff satisfies his burden of establishing the first two required components of specific personal jurisdiction, jurisdiction is presumed constitutional, and the burden shifts to the defendant to rebut this presumption. O'Connor, 496 F.3d at 324. Because Rivera did not satisfy this burden, this element need not be addressed.

In sum, Rivera has not pled facts sufficient to establish either general or specific personal jurisdiction. Defendant's alleged activities in Pennsylvania—promotional mailings and business solicitation—have been held to be not continuous or systematic enough to support general personal jurisdiction. Additionally, those contacts are not related enough to Rivera's claim to support specific personal jurisdiction. This Court thus cannot exercise personal jurisdiction over Defendant based on the facts pled by Rivera.[6]

**IV. Conclusion**

---

[6] Rivera did not request an evidentiary hearing or jurisdictional discovery in responding to Defendant's Motion to Dismiss. Even if he had, he would not be entitled to either because Rivera did not make a threshold prima facie showing of personal jurisdiction. See, e.g., Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 157 (3d Cir. 2010) (holding that a plaintiff that fails to make a prima facie case of personal jurisdiction is not entitled to jurisdictional discovery); Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997) (stating that "mere unsupported allegation[s] that the defendant 'transacts business' in an area" are generally considered "clearly frivolous" and do not warrant discovery); Parker v. Learn the Skills Corp., No. 05-2752, 2006 WL 759693, at *4 (E.D. Pa. Mar. 23, 2006) (denying discovery request where plaintiff alleged personal jurisdiction based on bare allegations and did not submit affidavits or other competent evidence); Sanchez v. Corona, 93 F. App'x 271, 272 (2d Cir. 2004) (denying evidentiary hearing on personal jurisdiction because plaintiff could not make a prima facie showing of jurisdiction). Furthermore, in this case Rivera could conceivably have accessed evidence to support the exercise of personal jurisdiction over Defendant in the absence of court-ordered discovery or hearings. His failure to do so renders court intervention all the less appropriate.

For the reasons stated above, this Court lacks personal jurisdiction over Defendant. The parties have until July 15, 2011 to file a one-paragraph memorandum addressing whether dismissal or transfer is the appropriate remedy.

                                                           s/Anita B. Brody

                                           _____
                                           ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to: